# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDUL-AZIZ RASHID MUHAMMAD, *a/k/a William Anthony Brown*, | : : : : | CIVIL NO: 3:13-CV-02127 (Judge Conaboy) |
| Plaintiff, | : : | |
| v. | : : | |
| UNITED STATES OF AMERICA, | : : | (Magistrate Judge Schwab) |
| Defendant. | : | |

## **REPORT AND RECOMMENDATIONS**

In this civil action, the *pro se* plaintiff, Abdul-Aziz Rashid Muhammad ("Muhammad"), a federal inmate currently at FCI Petersburg Low, has filed a complaint pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2675, *et seq.*, stemming from his imprisonment at USP Lewisburg during the period from 1990 to 1994. Currently pending is the United States' motion to dismiss or, in the alternative, for summary judgment. Our recommendations follow.

**I.**  **Background and Procedural History**.

Muhammad initiated this lawsuit on August 12, 2013, by filing a civil complaint along with a motion to proceed *in forma pauperis*. Docs. 1 & 2. In the complaint, Muhammad alleges that employees in the medical department at USP Lewisburg did not provide him with proper medical care and misdiagnosed him by not conducting physical examinations or laboratory tests and for not otherwise

referring him to a specialist when he had continuously complained, from 1990 to 1994, about having pain and symptoms he believed to be associated with the Human Papillomavirus ("HPV"). According to Muhammad, he believed he had HPV because his wife had informed him that she had a wart removed and that, in turn, her doctor advised her to inform Muhammad that he may have the virus. Muhammad claims that each time he met with medical-department employees at USP Lewisburg from 1990 to 1994, after talking to his wife, he "unequivocally conveyed" her message about him possibly having the virus. Despite explaining to medical-department employees at USP Lewisburg what his wife had told him, Muhammad claims that he did not receive proper medical treatment or a proper diagnosis and, as a result, he endured pain and suffering for many years thereafter, including at other federal prisons, until July 15, 2011, when he was officially diagnosed with HPV at FCI Butner and ultimately received surgical treatment.

On January 3, 2013, following his first round of surgical treatment, Muhammad filed administrative tort claim number TRT-NER-2013-0766, raising claims of negligence and negligence *per se* against the medical staff at USP Lewisburg from 1990 to 1994 wherein he sought $5 million in damages. *See Doc.* 30-1 at 2-29. On May 8, 2013, the Federal Bureau of Prison's Northeast Regional Office denied Muhammad's administrative tort claim as untimely. *Id.* at 30.

Muhammad now files this FTCA lawsuit for damages, upon the same alleged events, relating to his medical treatment at USP Lewisburg in the 1990's.

Due to an administrative oversight, Muhammad's motion to proceed *in forma pauperis* was not granted until February 5, 2015. *Doc.* 14. In the same Order granting Muhammad's motion, we ordered the Clerk of Court to serve the defendant United States of America (the "United States" or the "Government"). *Id*.

Two weeks after our Order was issued, the United States filed the pending motion to dismiss or, in the alternative, for summary judgment. *Doc.* 16. While that motion is now ripe for review, *see Docs.* 29, 35, & 38, and is the topic of this Report, the United States had also filed a motion for reconsideration of our Order granting Muhammad leave to proceed *in forma pauperis*. *Doc.* 17.

On June 3, 2015, we granted the United States' motion for reconsideration upon recognizing that Muhammad was indeed barred from proceeding *in forma pauperis* under the "three strikes" rule of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). *Doc.* 27. By this time, however, Muhammad had already had the total amount of the filing fee deducted from his inmate account; thus, we allowed the case to remain open, but revoked Muhammad's *in-forma-pauperis* status. *See id.* Under these circumstances, we proceed to address the Government's now pending and ripe, dispositive motion.

3

## II. Standards of Review.

The Government's pending dispositive motion seeks judgment in its favor either through an order dismissing the complaint for failing to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or through summary judgment entered pursuant to Rule 56. The standards governing each basis for relief are summarized below.

### A. Motion to Dismiss – Rule 12(b)(6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Twombly*, 550 U.S. at 556). "[L]abels and conclusions" are not enough, and a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoted case omitted).

In resolving a motion to dismiss, we thus "conduct a two-part analysis." *Fowler, supra*, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. *Id.* at 210–11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoted case omitted).

While traditionally focused upon the allegations contained in a complaint, a court may also consider exhibits attached to a complaint, matters of public record, and "an undisputedly authentic document" relied upon by the plaintiff and attached as an exhibit to a defendant's motion to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, in a case such as this, a complaint filed by a *pro se* litigant is to be liberally construed and held to a less stringent standard than formal complaints drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### B. Motion for Summary Judgment – Rule 56.

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also, Saldana v. Kmart Corp.*, 260 F.3d 228, 231–32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* at 248. A court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Saldana,* 260 F.3d at 232; *see also, Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. *Versarge v. Township of Clinton*, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on

file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also, Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322–23. "'Such affirmative evidence—regardless of whether it is direct or circumstantial—must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460–61 (3d Cir. 1989)).

## III. Discussion.

In this action, we liberally construe the complaint to include two claims under the FTCA that were also discussed in Muhammad's administrative tort claim. To that end, we understand Muhammad to claim in his complaint that the alleged acts of the medical-department employees at USP Lewisburg from 1990 to 1994 amount to negligence and negligence *per se*. Regarding the latter claim, Muhammad asserts that the employees in the medical department at USP Lewisburg violated 18 U.S.C. § 4042 by not providing him with "adequate, prompt, and reasonable treatment." *See Doc.* 1 at 2. In moving for an order in its favor, the Government argues that: (1) the statute of limitations acts as a bar to

relief; (2) the statute of repose acts as a bar to relief; and (3) Pennsylvania law requires Muhammad to file a certificate of merit, which he has not done, requiring dismissal of the complaint.

The United States enjoys sovereign immunity from suit, except where that immunity is expressly waived. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Under the FTCA, the United States has waived sovereign immunity for claims related to injuries or death "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Thus, Muhammad is required to state a claim under Pennsylvania tort law, or have a state law analogue. *Maynard v. United States*, No. 06-2331, 2008 WL 4453199, at *3 (M.D. Pa. Sept. 30, 2008)(Vanaskie, J.)(cited cases omitted). Neither party disputes that Pennsylvania tort law is applicable.

With respect to Muhammad's claims in the complaint, regardless of how he tees them up, it is undeniable that he is alleging violations of "acceptable professional standards," in that he is challenging the judgment of the medical-department employees at USP Lewisburg when they examined him for his medical complaints. Indeed, his supposed "ordinary negligence" claim is anything but that,

sounding instead as a claim for medical malpractice. *See Grundowski v. United States*, 2012 WL 1721781, at *6 (M.D. Pa. May 16, 2012)(quoting *Davis v. United States*, 2009 WL 890938, at * 5 (Mar. 31, 2009))(setting forth a two-part standard for determining whether a claim sounds in ordinary negligence or medical malpractice); *see also, Iwanjko v. Cohen & Grigsby, P.C.*, 249 F. App'x 938, 944 (3d Cir. 2007)(providing that a claim "sounds in malpractice where 'the conduct at issue constituted an integral part of the process rendering medical treatment.'")(quoting *Ditch v. Waynesboro Hosp.*, 917 A.2d 317, 322 (Pa. Super. Ct. 2007)).

Under Pennsylvania law, therefore, Muhammad was required to file a certificate of merit ("COM") pursuant to the provisions of Pa.R.Civ.P. 1042.3(a)(1)-(3), within 60 days after filing the complaint. This rule is applied as a substantive rule and also applies to negligence-*per-se* claims of the kind raised by Muhammad in this lawsuit. *See Iwanjko,* 249 F. App'x at 944 (rejecting plaintiff's contentions that Rule 1042.3 does not apply to negligence-*per-se* claims where the claim is premised upon "acceptable professional standards"); *Liggon-Redding v. Sugarman,* 659 F.3d 258, 264 (3d Cir. 2011).

Here, Muhammad has neither attempted to substantially comply with the Rule nor demonstrated that his failure to so comply is justified by a legitimate excuse. *See Cashwell v. United States*, 2009 WL 2929444 (M.D. Pa. 2009)(citing

9

*Perez v. Griffin*, 304 F. App'x 72, 74 (3d Cir. 2008)); *Brito v. United States*, 2010 WL 936561 (M.D. Pa. 2010)(quoting *Ramos v. Quien*, 631 F.Supp.2d 601, 611 (E.D. Pa. 2008)). Instead, in contravention of Third Circuit precedence, Muhammad contends that no COM is required for a negligence-*per-se* claim and that the Rule is not applicable because it is a state procedural rule, rather than a substantive one. *See Doc.* 35 at 6-8, 10. Moreover, Muhammad complains that, as a *pro se* inmate, proceeding *in forma pauperis*, he lacks access to expert witnesses. While his *in-forma-pauperis* status has since been revoked, we recognize that he is indigent. Muhammad does not, however, explain whether he made efforts to obtain a COM from any expert, and courts have not hesitated to require inmates in similar circumstances to attempt to comply with the requirements of Rule 1042.3. *See, e.g., Hodge v. United States Department of Justice*, 372 F. App'x 264 (3d Cir. 2010)(agreeing with the district court's dismissal of the *pro se* inmate-plaintiff's FTCA claim because he failed to file a COM); *see also, Perez*, 304 F. App'x at 75 ("[A] *pro se* litigant's ignorance of or mistaken assumptions about the requirements of Rule 1042.3 cannot serve as a reasonable excuse.")(citing *Hoover v. Davila*, 862 A.2d 591, 595-96 (Pa. Super Ct. 2004)). Thus, we reject Muhammad's arguments and recommend that the claims brought under the FTCA be dismissed without prejudice for Muhammad's failure to timely file a COM.[1]

---

[1] In the complaint, Muhammad asserts that he has no need for an expert;

In recommending dismissal of Muhammad's FTCA claims without prejudice, we also recommend that he be provided with an additional 20 days to attempt to substantially comply with the requirements of Rule 1042.3 or otherwise demonstrate a legitimate excuse for his inability to so comply.

## IV. Recommendations.

For the foregoing reasons, **WE RECOMMEND** that:

(1) The defendants' motion (*Doc.* 16) to dismiss, or in the alternative, for summary judgment be **GRANTED**.

(2) Muhammad shall be given an additional 20 days to attempt to substantially comply with the requirements of Rule 1042.3 or demonstrate a legitimate excuse for his inability to so comply.[2]

---

however, if that is the course of action he plans on taking in this lawsuit, he must still file a COM certifying the same. *See* Pa.R.Civ.P. 1042.3(a)(3). Moreover, upon filing such a COM, Muhammad would be precluded from presenting any testimony by an expert on the questions of standard of care and causation moving forward in this lawsuit. *See id.; see also, Mertzig v. Booth,* No. 11-1462, 2012 WL 1431238, at *4 (E.D. Pa. Apr. 25, 2012)(providing that even the invocation of the *res-ipsa-loquitor* doctrine "does not provide a means to avoid the effect of [the plaintiffs'] certification under Rule 1042.3(a)(3).").

[2] In the event Muhammad satisfies the COM requirement, or otherwise demonstrates a legitimate excuse for non-compliance, the Government should be permitted to file a supplemental dispositive motion re-asserting their arguments under the respective statutes of limitations and repose, as to the professional negligence claim and the negligence-*per-se* claim. *See also, Maynard,* 2008 WL 4453199, at *3 (M.D. Pa. Sept. 30, 2008)(Vanaskie, J.)(citing *Delta Savings Bank v. United States*, 265 F.3d 1017, 1026 (9th Cir. 2001)("To bring suit under the FTCA based on negligence *per se*, a duty must be identified, and this duty cannot

(3) The case be **REMANDED** to the undersigned.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

---

spring from a federal law.")). On the other hand, if Muhammad fails to comply or satisfy his obligations, the case should be dismissed with prejudice and the case closed.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **24th** day of **August, 2015**.

*S/ Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge