IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ABDUL-AZIZ RASHID MUHAMMAD        :

    Plaintiff,        : Civil No. 3:13-CV-2127

    v.        : Judge Richard P. Conaboy

UNITED STATES OF AMERICA        :

    Defendant        :

FILED
SCRANTON

APR 2 2 2016

PER _____ CT
DEPUTY CLERK

## Memorandum

We consider a Report and Recommendation ("R&R") from a United States Magistrate Judge that recommends summary judgment be entered against Plaintiff Abdul-Aziz Rashid Muhammad. Plaintiff's action is grounded in the Federal Tort Claims Act and involves allegations that physicians at U.S.P. Lewisburg negligently failed to diagnose him as suffering from human papilloma virus ("HPV"). (Doc. 1 at 5-8). Plaintiff's allegations that prison medical personnel failed to diagnose his condition and provide reasonable treatment dates back to his incarceration at U.S.P. Lewisburg from 1990 through 1994. (Doc. 30-1 at 5-6).

Because Plaintiff has filed objections to the R&R we shall not merely examine it for plain error, but rather will conduct a de novo review of the record giving full consideration to his objections. See Goney v. Clark, 749 F.2d 5, 6-7 (3d. Cir. 1984). The Court may accept, reject or modify, in whole or in part, the

1

magistrate judge's findings.  See 28 U.S.C. § 636(b)(1).
Uncontested portions of the R&R will be reviewed only for clear
error.  Cruz v. Chater, 990 F.supp. 375, 76-77 (M.D.Pa. 1998).

The Magistrate Judge's recommendation that summary judgment be
granted against Plaintiff is based upon the substantive law of
Pennsylvania.  Because this action is pursuant to the Federal Tort
Claims Act, the substantive law of the state where the alleged
tortious conduct occurred must be applied. Gould Elec. Inc. V.
United States, 220 F.3d, 169, 179 (3d. Cir. 2000)  It is
indisputable that all tortious conduct Plaintiff attributes to
Defendant occurred within the Commonwealth of Pennsylvania.  Thus,
the Magistrate Judge correctly reasoned that Pennsylvania law must
be applied.  Pennsylvania law includes Pennsylvania Rule of Civil
Procedure 1042.3(a) which specifies:

> In any action based upon an allegation that a licensed
> professional deviated from an accepted professional
> standard, the attorney for the plaintiff, or the
> plaintiff if not represented, shall file with the
> complaint or within 60 days after the filing of the
> complaint, a Certificate of Merit signed by the attorney
> or party that either
>
> (1)  an appropriate licensed professional has supplied a

2

written statement that there exists a reasonable

probability that the care, skill or knowledge

exercised or exhibited in the treatment, practice or

work that is the subject of the complaint fell

outside acceptable professional standards and that

such conduct was a cause in bringing about the harm,

or

(2)   the claim that the defendant deviated from an

acceptable professional standard is based solely on

allegations that other licensed professionals for

whom this defendant is responsible deviated from an

accepted professional standard, or

(3)   expert testimony of an appropriate licensed

professional is unnecessary for prosecution of the

claim.


The requirements stated in Rule 1042.3(a) are substantive law

that applies in federal courts.  Liggon-Redding v. Estate of

Sugarman, 659 F.3d 258, 264-65(3d. Cir. 2011).  Failure to file a

Certificate of Merit ("COM") must result in the dismissal of any

claim against a licensed professional grounded in allegations that

the licensed professional did not meet the accepted standards of

care required by his profession.  Perez v. Griffin, 304 Fed. App'x

72, 74 (3d. Cir. 2008) unless the Plaintiff can show a reasonable

excuse for his non-compliance. Womer v. Hillicer, 589 Pa. 256, 908 A.2d 269, 279-80 (Pa. 2006).

The various arguments and excuses offered by Plaintiff for his indisputable failure to file the COM required by Rule 1042.3(a)(e.g. that the COM requirement should not apply in federal cases; that the COM imposes an unconstitutional burden on an incarcerated litigant; that his action against the prison doctors does not sound in medical malpractice but rather in negligence per se; and that an affidavit submitted by a formerly licensed nurse should serve as the functional equivalent of a COM) do not, singly or in the aggregate, amount to a "reasonable excuse" for failing to file the COM for the reasons articulated by the magistrate judge in her well-reasoned R&R.

The Court must also observe that, even had Plaintiff filed a timely and appropriate COM, the Pennsylvania Statute of Repose would compel dismissal of his claim. The Pennsylvania Statue of Repose states, inter alia, that "...no cause of action exerting a medical professional liability claim may be commenced after seven years from the alleged tort or breach of contract." 40 Pa. Cons. State. Ann. § 1303.513. Plaintiff's complaint, filed in 2013, unequivocally reveals that Plaintiff not only presented for medical treatment at U.S.P. Lewisburg from 1990 through 1994, but also that he told his doctors of his suspicion that he had contracted HPV. (Doc. 1 at 7-9). Accrual of a medical malpractice claim occurs in

Pennsylvania "...when and if plaintiff discovered or through the exercise of due diligence should have discovered that the failure of his doctors to diagnose, treat or warn him led to his deteriorating condition."  Hughes v. United States 263 F.3d 272, 277 (3d. Cir. 2001).  Plaintiff cannot now be heard to argue that he did not know or have reason to know that Defendants did not afford him reasonable treatment.  Plaintiff's failure to file his complaint until some nine years after the alleged commission of the tort of which he now complains compels the conclusion that he was, at a minimum, two years late in filing his action.  Thus, the Pennsylvania Statute of Repose also requires that his action be dismissed.

In sum, the Court accepts the Magistrate Judge's recommendation that Defendants' Motion for Summary Judgment (Doc. 16) be granted.  An Order consistent with this conclusion will be filed contemporaneously.

BY THE COURT

_____
Honorable Richard P. Conaboy
United States District Court

Dated:_____4-22-16_____